IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEON CARROLL,

      Plaintiff,                  No. 2:12-cv-1327 KJN P

   vs.

TIM VIRGA, et al.,

      Defendants.         ORDER

_____/

      Plaintiff filed a motion for extension of time to file an application for leave to proceed in forma pauperis and the certified copy of his prison trust account statement, as required by this court's May 30, 2012 order. Good cause appearing, plaintiff's motion is granted. Plaintiff is cautioned, however, that failure to comply with this order may result in the dismissal of this action.

      Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must

1

consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff has not yet submitted the documents necessary to determine whether he is entitled to proceed in forma pauperis, and the court has not yet screened the complaint pursuant to 28 U.S.C. § 1915A.  Therefore, the court is unable to determine plaintiff's likelihood of success on the merits.  The court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 9, 2012 motion for an extension of time (dkt. no. 6) is granted;

2. Plaintiff is granted thirty days in which to comply with this court's May 30, 2012 order; and

3. Plaintiff's July 9, 2012 motion for the appointment of counsel is denied without prejudice.

DATED: July 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carr1327.36